IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRY WAYNE SMITH,

        Plaintiff,

                              CIVIL ACTION
   vs.                      No. 07-3244-SAC

KANSAS DEPARTMENT OF CORRECTIONS,
et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's pleading captioned as "objections to order dated June 7, 2010, request for order to vacate, set aside, amend and motion for additional finding of facts and conclusion of law" (Doc. 8). The court liberally construes this as a motion to alter or amend judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Generally, a motion to alter or amend a judgment pursuant to Rule 59(e) may be granted only if the moving party can establish (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.

*Wilkins v. Packerware Corp.*, 238 F.R.D. 256, 263 (D.Kan.2006) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995), *aff'd,* 260 Fed.Appx. 98 (10th Cir.2008)); *see also Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff's motion appears to rest on two grounds: first, he claims the court should have abstained from taking action in this case pending the resolution of his complaint of judicial misconduct; and second, he claims the court erred in dismissing this matter.

Plaintiff is not entitled to relief on his claim the court erred in taking action in this matter after he filed a complaint alleging misconduct. Plaintiff has identified no authority for his claim, nor has this court's independent review of the relevant rules[1] identified any authority for that position.

Next, plaintiff alleges error in the court's findings and conclusions that his civil rights claims are time-barred. He asserts the claims relate back to claims he advanced in Case No. 05-3447-MLB.

In that case, plaintiff alleged state authorities violated

---

[1] Rules for Judicial-Conduct and Judicial-Disability Proceedings, Judicial Conference of the United States and the Tenth Circuit Court of Appeals.

his constitutional rights by failing to timely convert his original indeterminate state sentence. Plaintiff obtained that relief in April 2004 and was discharged from his sentence on April 15, 2004.[2]

During the course of Case No. 05-3447, plaintiff sought to file an amended complaint. The proposed amended complaint, which was forty pages in length, was rejected by the court because it did not comply with Fed. R. Civ. P. 8 and presented parties and claims unrelated to the parties and claims in the original complaint.[3] Thereafter, plaintiff submitted a second proposed amended complaint.[4] The court directed the defendants to respond to the second amended complaint[5]; however, the matter eventually was dismissed with prejudice on August 20, 2008, following plaintiff's failure to appear for a deposition.[6]

During the pendency of that action, plaintiff commenced the

---

[2] The court takes judicial notice of the *Martinez* report prepared in Case No. 05-3447 to establish the background of plaintiff's claims concerning the conversion of his state sentence to a determinate sentence.

[3] Case No. 05-3447, Doc. 33, Memorandum and Order.

[4] *Id.*, Doc. 36, captioned as Amended Complaint and/or More Definite Statement.

[5] *Id.*, Doc. 60, Memorandum and Order.

[6] *Id.*, Doc. 167, Memorandum and Order of Dismissal with Prejudice.

present action by filing a forty-page complaint (Doc. 1), which contains a number of the same allegations presented in the second amended complaint he filed in Case No. 05-3447 and additional claims concerning his conditions of confinement during his incarceration in the Kansas penal system. The complaint contains no reference to Case No. 05-3447.

After conducting an initial review of the complaint, this court entered an order (Doc. 4) directing plaintiff to show cause why this matter should not be dismissed as time-barred. Plaintiff filed a response approximately two weeks after the time allowed by the court (Doc. 5), stating that he had commenced an earlier civil rights action, Case No. 05-3447, and that on October 20, 2006, the court denied his May 2006 request to amend his complaint without prejudice. In a footnote, plaintiff stated he "...filed a new case against defendants on September 24, 2007, Case No. 07-3244-SAC, to maintain the status quo and await decision of the district court on [his] pending request to amend his complaint...." (Doc. 5, fn. 2.)

Finding no basis for tolling, this court concluded plaintiff's claims were time-barred and dismissed the complaint with prejudice (Doc. 7).

To the extent plaintiff now seeks relief from the dismissal of this action on the ground that his claims relate back, the

court has found no legal support for that argument.

Here, plaintiff filed a second action during the pendency of the first action. The claims that appear in both actions, namely, plaintiff's claims asserting constitutional violations in the failure to timely convert his indeterminate state sentence, were dismissed with prejudice in the first action and were not revived by their repetition in the second action.[7]

Plaintiff's remaining claims in this action involve the conditions of his confinement. These claims allege the failure to provide him with adequate medical care (Count 9), to properly investigate grievances (Count 12), retaliation, including transfers, in response to his pursuit of grievances (Count 13), and interference with access to the courts, including interference with legal correspondence, postage, and personal property (Count 14).

To the extent plaintiff may allege these claims were preserved because they were dismissed without prejudice from plaintiff's earlier action and refiled, his claim rests on the Kansas savings statute.

The Kansas saving statute, K.S.A. § 60-518, provides:

If any action be commenced within due time, and the

---

[7] These claims appear in Case No. 07-3244 as Counts 1, 2, 3, 4, 5, 6, 7, 8, 10, and 11.

> plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure.

The savings statute allows a plaintiff six months to commence a new action if a previous timely action failed "otherwise than upon the merits." Such failures include a dismissal without prejudice. *See Rogers v. William, Larson, Voss, Strobel & Estes*, 777 P.2d 836, 839 (Kan. 1989).

The court has examined the surviving claims to determine whether the plaintiff is entitled to proceed.

In Count 9, plaintiff alleges defendants Kansas State Board of Nursing (KSBN), Mary Blubaugh, KSBN Executive Administrator, and Kathleen Chalkley, Special Investigator, owed plaintiff a legal duty to investigate his claims against defendant Goff, Lisenby, and Lamar. The complaint reflects that plaintiff filed a formal complaint with the KSBN in May 2002 and that the resulting administrative cases were inactivated in March 2005. (Doc. 1, par. 78-79).

If plaintiff's claim arises under § 1983, it arguably was timely when plaintiff's proposed amended complaint[8] was submitted

---

[8] Case No. 05-3447, Doc. 30.

in May 2006[9]. The plaintiff's motion to amend the complaint was denied without prejudice in a Memorandum and Order entered on October 20, 2006.[10]

Plaintiff, however, did not file the complaint in this action until September 2007, eleven months after the dismissal, and more than two years after the defendants inactivated their investigation of plaintiff's complaints. Accordingly, the court finds this claim was not preserved.

In Count 12, plaintiff alleges defendant Bruce, Rohling, Gillespie, McKune, Cummings, Simmons, and KDOC owed him a duty to investigate his grievances against defendants Anderson, Hanson, Atkison, Wells, Cline, Bruce, Schnurr, Goff, Lisenby, Lamar, Sivino, Jiles, Arnold, Meyrick, and Does. It appears the relevant events occurred in 2002. *Id*., par. 39-48.

In Count 13, plaintiff alleges the same defendants unlawfully retaliated and transferred him for exercising his right to file grievances. Again, the relevant events occurred in 2002. *Id*.

In Count 14, plaintiff alleges the same defendants impaired

---

[9] In Kansas, a two-year limitation period applies to civil rights actions filed pursuant to 42 U.S.C. § 1983. *Garcia v. Wilson*, 731 F.2d 640 (10th Cir. 1984)(en banc).

[10] Case No. 05-3447, Doc. 33.

his access to the courts by interference with legal correspondence, postage, and personal property. These events occurred in 2001 and 2002. (*Id.*, par. 55-75.)

Because the two-year limitations period on these claims expired prior to the time plaintiff presented them in the proposed amended complaint, the savings statute did not preserve them and they are time-barred.

## Conclusion

Having carefully considered the plaintiff's motion to alter or amend the judgment and the records in this matter and in Case No. 05-3477, the court concludes plaintiff has established no grounds for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to alter judgment (Doc. 8) is denied.

A copy of this Memorandum and Order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 29th day of March, 2011.

> S/ Sam A. Crow
> SAM A. CROW
> United States Senior District Judge